UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Terrell L. Silver, | ) | CASE NO. 1:23 CV 2070 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Cuyahoga County, | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendant Cuyahoga County's Motion to Dismiss. (Doc. 11). This case arises from plaintiff's confinement at the Cuyahoga County Correctional Center. For the following reasons, the motion is GRANTED.

**Facts**

Plaintiff Terrell Silver, proceeding *pro se*, filed this Complaint against defendant Cuyahoga County. The Complaint alleges the following.

Plaintiff has been confined at the Cuyahoga County Correctional Center ("CCCC") since March 16, 2023. Plaintiff suffers from epilepsy, and takes medication for seizures,

1

anxiety, and depression. At the CCCC, officers are required to make security rounds every 15 minutes to ensure the supervision, safety, and security of the inmates. Frequently, the CCCC implements a "Red Zone" lockdown during which pods are inappropriately supervised due to the lack of a sufficient number of corrections officers. During the lockdown, there is no access to showers and, more importantly, there is a lack of supervision and security for inmates with medical conditions.

On August 19, 2023, plaintiff needed medical attention because he was not feeling well. He kicked on his door and yelled for a corrections officer. Officer Robinson did not hear plaintiff because he was responsible for watching three other pods. Plaintiff had a seizure which caused him to bite his tongue and fall, hitting his head. Plaintiff was rushed to the MetroHealth emergency room and treated.

Plaintiff does not set forth a specific claim for relief. However, plaintiff's contentions appear to allege a negligence claim:

- "This extraordinary form of negligence by the Cuyahoga County not only fails in the ordinary duty of care, but does so in a manner that exhibits such disregard of care that a reasonable observer would foresee that an injury would be likely to occur."

- "I truly fear for my safety... due to improper supervision, lack of security as well as neglect and malpractice as a result of the inconsistent daily operations of this facility."

- "The deprivation of the safety, security and supervision while under this "red zone" status is sufficiently serious."

Additionally, plaintiff's Civil Cover Sheet states that his cause of action is for "negligence, gross negligence."

This matter is now before the Court upon defendant's Motion to Dismiss.

**Standard of Review**

2

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc*., 123 F.3d 394, 400 (6th Cir.1997). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 678. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

**Discussion**

Defendant moves to dismiss on the basis that the Complaint fails to state a claim. For the following reasons, the Court agrees but also finds that it lacks subject matter jurisdiction.

**(1) Subject matter jurisdiction.**

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The lenient treatment accorded *pro se* plaintiffs, however, has limits. *See e.g., Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996). *Pro se* litigants must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. 2001). Furthermore, federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction. "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts have a duty to consider subject matter jurisdiction in every case. Thus, courts may raise the issue of subject matter jurisdiction *sua sponte*. *See Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) "Federal question jurisdiction is proper when a federal question is presented on the face of plaintiff's complaint." *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007) (quoting *Caterpillar,*

*Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

As discussed above, plaintiff's Complaint alleges negligence, and his Civil Cover Sheet states that his cause of action is for "negligence, gross negligence." But, there is no diversity of citizenship and, consequently, the Court does not have original jurisdiction over this state law claim. 28 U.S.C. § 1332.

Plaintiff's Complaint has one reference to a possible § 1983 claim. He states that the jail's lack of safety, security, and supervision "displays an act of deliberate indifference by these risks being consciously disregarded by Cuyahoga County." But, plaintiff does not mention § 1983. In fact, the Civil Cover Sheet provides: "Cite the U.S. Civil Statute under which you are filing." Plaintiff responded, "19 U.S.C. sec. 1592." When asked for a brief description of his cause, plaintiff responded, "negligence, gross negligence." When asked for the "basis of jurisdiction," plaintiff checked "U.S. Government Defendant."

The Court finds that it lacks subject matter jurisdiction because plaintiff fails to allege a federal claim.

**(2) § 1983 claim**

Assuming plaintiff has alleged a § 1983 claim, the Court agrees with defendant that the Complaint fails to state a claim.

The Court takes judicial notice of the fact that plaintiff is a convicted inmate. (Doc. 11 Ex.A). Under a generous reading of the Complaint, it can be construed that plaintiff is alleging an Eighth Amendment deliberate indifference to serious medical needs claim and/or an Eighth Amendment conditions-of-confinement claim under 42 U.S.C § 1983.

"To state a claim under 1983, a plaintiff must allege the violation of a right secured by

5

the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Gray v. City of Detroit*, 399 F.3d 612, 615 (6th Cir.2005)(quoting *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct 2250 (1988)).

Plaintiff does not name as defendant any individual "persons," but only names Cuyahoga County as defendant. "Municipalities are not subject to respondeat superior liability in § 1983 actions[.]" *Peroli v. Huber*, 2021 WL 5411215, at *10 (6th Cir. Nov. 19, 2021) (citations omitted). To prevail on a § 1983 claim against a municipality, a plaintiff must show that: (1) he or she suffered a deprivation of a constitutionally protected interest; and (2) the deprivation was caused by an official policy, custom, or usage of the municipality. *Hunt v. City of Toledo L. Dep't*, 881 F. Supp. 2d 854, 878 (N.D. Ohio 2012) (citing *Monell v. New York Dep't of Social Servs*., 436 U.S. 658, 690 91 (1978)).

To establish the second prong of the Monell claim, "[a] plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Lipman v. Budish,* 974 F.3d 726, 747 (6th Cir. 2020). Moreover, a plaintiff must show a "direct causal link between the custom and the constitutional deprivation; that is, she must show that the particular injury was incurred because of the execution of that policy." *Spencer v. Cleveland Clinic Found.,* 2022 WL 2954175, at *9 (N.D. Ohio July 26, 2022); *see also D'Ambrosio v. Marino*, 747 F.3d 378, 389 (6th Cir. 2014) ("[A] municipality is liable under § 1983 only where, through its deliberate conduct, it was the 'moving force' behind the

6

injury alleged."

Assuming that the Complaint alleges that imposition of the Red Zone lockdown amounts to a policy of Cuyahoga County, plaintiff does not allege an underlying constitutional violation. The relevant law is well-established:

> In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with " 'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479  80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); see also *Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer,* 511 U.S. at 834; *Helling*, 509 U.S. at 35  37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer,* 511 U.S. at 834. Under the subjective prong, an official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Id*. at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id*. at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

*Stubbs v. Schroeder,* 2024 WL 747748 (W.D. Mich. Feb. 23, 2024).

At a minimum, plaintiff fails to allege any facts showing the subjective component of an Eighth Amendment violation.  The Complaint does not allege that any staff of the CCCC witnessed plaintiff having a seizure and intentionally ignored him, or committed any other wrongdoing.  Rather, plaintiff alleges that Officer Robinson did not hear plaintiff when he kicked on his door and yelled for help because he was responsible for watching other pods. Moreover, plaintiff alleges that he takes medication for his seizures and, therefore, CCCC staff was providing medical treatment for his epilepsy. Additionally, he alleges that he was

7

"rushed" to the emergency room and treated. Thus, plaintiff fails to state a claim under § 1983 based on the Red Zone lockdown policy. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point.")

**Conclusion**

For the foregoing reasons, defendant Cuyahoga County's Motion to Dismiss is granted. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: 3/6/24

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge